UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MARGARET HAMMOND, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:12 CV 137 |
| KAREN M. MARTIN, individually and in her capacity as Porter County Clerk, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss plaintiff Margaret Hammond's First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), filed jointly by all defendants: Karen M. Martin, individually and in her official capacity as Porter County, Indiana, Clerk; Porter County Commissioners John A. Evans, Nancy A. Adams and Carole Knoblock individually and in their official capacities; the Porter County Board of Commissioners;[1] and Porter County, Indiana. Briefly stated, Hammond alleges that she was employed by Porter County, Indiana, under the supervision of defendant Martin, and that she was continuously harassed by Martin resulting ultimately in the

---

[1] The parties have neither raised nor addressed the issue, but there is no reason to think that the "Porter County Board of Commissioners" is an entity subject to suit in its own name. More to the point, the Board is the "corporate entity representing the county through which it acts, and is in legal contemplation the county." *Owen County Council v. State*, 95 N.E. 253, 256 (Ind. 1911). Because Hammond has made Porter County a defendant, she is suing the same entity twice. Doing so is redundant, and so the court will dismiss the Board on its own motion, subject to reconsideration should Hammond file a memorandum establishing a reason to keep the Board in this suit as a named defendant.

termination of her employment, on account of her age, disability, and as an act of political retaliation. (First Amended Complaint, DE #33 at ¶ 11; 13; 15; 16; 18.) In addition to that termination, the complaint alleges other injuries such as loss of employment opportunities, loss of reputation, and mental/emotional pain and distress (*Id.* at ¶ 29), and it invokes various legal theories including 42 U.S.C. § 1983, the Age Discrimination in Employment Act (29 U.S.C. 621, *et seq.*, hereinafter, the "ADEA"), the Americans With Disabilities Act (42 U.S.C. § 12111 *et seq.*, hereinafter the "ADA"), the Civil Rights Act of 1991, and Indiana tort law. (DE #33 at ¶ 7.)

When a complaint is challenged for failure to state a claim pursuant to RULE 12(b)(6), it must be construed in the light most favorable to the non-moving party, accepting well-pleaded facts as true, and drawing all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011);

*Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit has explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

Before discussing defendants' specific arguments for dismissing the complaint, the court must make two important observations at the outset: although defendants move for dismissal of "the complaint" and request "an order dismissing the claims of the Plaintiff, with prejudice," (DE #36 at 3), the complaint pleads that Hammond's employment was terminated on account of her age, and nothing in defendants' motion

3

addresses that claim. Thus, even if defendants' motion is granted, it is a motion for partial dismissal only, and the case will go forward against Porter County with respect to the age discrimination claim, at the very least.

Second, plaintiff Hammond has not filed any response to the motion to dismiss. The pleadings, defendants, and motion in this case, however, are nearly identical to those filed in two other cases pending before the undersigned, except with an added allegation of disability discrimination in the present case. The plaintiffs in all three cases are represented by the same attorney. Because the court will not grant dismissal as a penalty for failing to respond, it will consider defendants' arguments in light of plaintiffs' responses in the other two cases.

Turning to the arguments defendants do raise, they point out that all official-capacity claims against defendants Martin, Evans, Adams and Knoblock are actually claims against Porter County, and because Porter County itself is also named as a defendant, the official-capacity claims should be dismissed as redundant. Because Porter County is a defendant, Hammond can prove her claims against it by proof of actions taken by Martin, Evans, Adams and/or Knoblock without having to name them as defendants in their official capacities. The official-capacity claims are redundant, and will be dismissed. *See, e.g.*, *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 (7th Cir. 2006).[2]

---

[2] By the same token, however, the court fails to see how Porter County or any defendant gains anything by this dismissal. Further, although defendants cite several cases in which such redundant claims have been dismissed, they have not cited, nor is

Next, defendants argue that the personal-capacity claims against Martin, Evans, Adams and Knoblock under the ADEA must be dismissed because the ADEA provides for employer liability only. Defendants are correct, there is no individual liability under the ADEA. *See Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 610 n. 2 (7th Cir. 2001). Hammond's personal-capacity claims against Martin, Evans, Adams and Knoblock under the ADEA will be dismissed.

Third, defendants argue that any claims for injury other than termination are beyond the scope of Hammond's EEOC charge and so should be dismissed. The "scope-of-the-charge" rule prohibits plaintiffs from bringing claims in federal court that were not included in the EEOC charge, because doing so frustrates the EEOC's role to investigate and settle claims, and deprives the charged party of notice. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974). However, claims which are "like or reasonably related to" the allegations in the charge and would be expected to grow out of the EEOC's investigation of the allegations in the charge are not beyond the scope, and may be litigated. *Vela v. Village of Sauk Village,* 218 F.3d 661, 664 (7th Cir. 2000); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Here, defendants assert that Hammond's EEOC charge is "explicitly limited to a charge of discriminatory termination," (DE #37 at 6), and so all other claims in the complaint should be dismissed. Defendants describe those claims as: 1) defendant

---

the court aware, of any case stating that it is preferable to do so. Nevertheless, because it simplifies the allegations in this suit, the court will dismiss the redundant official-capacity claims.

Martin's encouraging Hammond's fellow employees to make false accusations about Hammond; 2) denial of promotions; 3) demotion; 4) unsubstantiated write-ups and reprimands; and 5) creation of a hostile work environment. (*Id.*) However, while defendants quote the EEOC charge in their memorandum, they ignore that it states that Hammond was terminated or "constructively terminated . . . based upon ongoing harassment and/or false accusations concerning the Claimant's job performance." (DE #1 at 6.) The issues enumerated as claims 1, 4 and 5 above are plainly like or related to the allegations in the charge, and could reasonably be expected to grow out of the EEOC investigation. Those claims will not be dismissed.

Demotion and denial of promotion claims are not as closely related, but they are not "wholly independent" employment decisions from harassment and false accusations concerning job performance. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000).[3] Thus, these claims are related enough that they could be expected to grow out of an investigation into constructive termination, harassment, and false accusations concerning job performance, all of which is alleged in Hammond's EEOC charge. Therefore, these claims also will not be dismissed.

Defendants next argument is that Hammond's complaint pleads insufficient facts to state a plausible claim, as is required by *Twombly/Iqbal*, for discrimination on the basis

---

[3] *Sauzek* is the underlying authority for the case relied on by defendants, *Vela*, 218 F.3d at 664. In addition the present case is not like *Canty v. Walgreens Co.*, 2012 WL 1066765 (N.D. Ind. 2012), the other case defendants cite in support of their argument, because Canty's EEOC charge (available as a public document via the court's CM/ECF system) mentioned termination and nothing more.

of a disability pursuant to the ADA. To plead a plausible claim under the ADA, a plaintiff must allege, at a minimum, facts showing that he or she is "disabled" as defined by the statute; is qualified to perform the essential functions of the job either with or without reasonable accommodation; and suffered an adverse employment action on account of the employer's animus against the disability. *Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). Here, Hammond hasn't pleaded any facts suggesting what her disability is, how it limits her in any way, or that she is capable of performing the essential functions of her job with or without reasonable accommodation. Because a plaintiff has to do more than plead bare legal conclusions to survive a motion to dismiss, *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010), Hammond's claim for disability discrimination will be dismissed.

Similar to the ADA claim, defendants argue that Hammond's complaint contains insufficient facts to make a claim of political retaliation plausible. A prima facie claim of political retaliation requires a plaintiff to show that she engaged in constitutionally-protected conduct, which conduct was a substantial factor motivating the adverse employment action. *Zerante v. DeLuca*, 555 F.3d 582, 585 (7th Cir. 2009). Here, Hammond's complaint alleges in conclusory fashion that defendant Martin's actions were "acts of political retaliation," (DE #33 at ¶ 18), without specifying any protected activity that Hammond engaged in prompting the retaliation. There are simply not enough factual allegations in the complaint to "nudge" the claim of political retaliation from the conceivable to the plausible, which makes it insufficient. *McCauley v. City of*

7

*Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). The political retaliation claim will therefore be dismissed.[4]

Last, just as with the political retaliation claim, defendants make a *Twombly/Iqbal* argument as to Hammond's Indiana tort claim for intentional infliction of emotional distress. For the tort of intentional infliction of emotional distress, Indiana requires conduct that is so extreme that it "goes beyond all possible bounds of decency" and would cause an average member of the community to shout "Outrageous!" *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (quoting *Bradley v. Hall*, 720 N.E.2d 747, 752–53 (Ind. Ct. App.1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965))). The conduct pleaded in Hammond's complaint, *e.g.*, a hostile environment consisting of reprimands, harassment, tampering with Hammond's work product, denials of promotions and termination, typically do not rise to that level. *Cf. Harriston v. Chicago Tribune*, 992 F.2d 697, 703 (7th Cir. 1993) (applying Illinois law). After *Twombly/Iqbal*, a plaintiff must allege specific facts to support the claims asserted, *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013), or supply them in response to a motion to dismiss, *Reynolds*, 623 F.3d at 1147. Because Hammond has failed to do so, the motion to dismiss her claim for intentional infliction of emotional distress will be granted.

---

[4] In addition, there are no allegations in the complaint suggesting that defendants Evans, Adams, and/or Knoblock had any personal involvement with any such retaliation.

For the reasons explained, defendants' motion to dismiss (DE #36) is **GRANTED** in part and **DENIED** in part. The claims against defendants Karen M. Martin, John A. Evans, Nancy A. Adams and Carole Knoblock, individually and in their official capacities, are dismissed; the claims against Porter County Board of Commissioners are dismissed, and this action will proceed on Hammond's claims against defendant Porter County, only, as limited above.

**SO ORDERED.**

Date: March 5, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT